IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| OKA NASHOBA CHIKASHA NATION on behalf of its members ANDRE MATTHEWS also known as CHIEF NOWANAKI YANASH, KYLE WATKINS also known as CHIEF EAGLE EYE, KATRINA GREEN-WATKINS and COOSA NATION OF NORTH AMERICA )<br><br>    Plaintiffs,<br><br>v.<br><br>JOEDAE L. JENKINS, REGINA MORRISON NEWMAN, GREGORY S. GALLAGHER JAMES A. CRISLIP, JR., SHELBY COUNTY CHANCERY COURT, SHELBY COUNTY TRUSTEE, WOODS PROJECT LLC, GOVERNOR BILL LEE and STATE OF TENNESSEE (all in official and independent capacity),<br><br>    Defendants. | No. 22-cv-2448-MSN-cgc |

---

REPORT AND RECOMMENDATION

---

Before the Court, by way of Administrative Order 2013-05,[1] is the July 8, 2022 *pro se* complaint filed in the above captioned case, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Federal law provides that the clerk of each district court shall require parties instituting

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $402.[2]  28 U.S.C. § 1914(a)  To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.  Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit.  A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.  *See, e.q.*, *Reynolds v. Federal Bur. of Prisons*, 30 F. App'x 574 (6th Cir. 2002); *Broque v. Fort Knox Fed. Credit Union*, No. 86-1896, 1997 WL 242032 (6th cir. May 8, 1997).

In this case, there are five plaintiffs listed, two of which appear to be entities.  Only one affidavit was filed with no indication as to which of the three individual plaintiffs the information is applicable.  Therefore, the affidavit does not provide the Court with sufficient financial information to determine which, if any, of the individual plaintiffs is unable to pay the civil filing fee.  The individual plaintiffs – Andre Mathews, Kyle Watkins and Katrina Green-Watkins - were each ordered to either submit a properly completed non prisoner application to proceed *in forma pauperis* or pay the $402 civil filing fee within thirty (30) days of the date of this order.  To date, none of the individual plaintiffs have responded.

The entities listed as plaintiffs – Oka Nashoba Chikashah Nation and Coosa Nation of North America – must be represented by licensed counsel.  An individual may represent himself

---

[2]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

before the court but may not represent another person or entity unless they are duly licensed and authorized to practice before the court. *See*, 28 U.S.C. § 1654 and *Davis v. Memphis Police Dept.*, No. 2:13–cv–02497–JDT–dkv, 2013 WL 4446240, at*5 (W.D.Tenn. Aug. 15.2013). A plaintiff may not appear pro se where "interests other than his own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.2002). Only a licensed attorney may represent other persons. *Davis*, 2013 WL 4446240 at *5 (citing cases). The entities were warned that if an appearance by counsel on behalf of these entities is not made within thirty (30) days of entry of the order, a recommendation would be made that any claims on behalf of these entities be dismissed. To date, there has been no appearance by counsel on behalf of these entities.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is

recommended that the first factor is met as it is Plaintiffs' failure to comply is entirely within their control. As to the third and fourth factors, it is recommended that they also weigh heavily against the Plaintiffs. The Order Directing Plaintiffs to File a Properly Completed *In Forma Pauperis* Affidavit or Pay the Civil Filing Fee made it clear that dismissal of the case was under consideration by the Court. Plaintiffs have ignored the Court's order and dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiffs' Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power.

Signed this 30th day of November, 2022.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**