IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

OKA NASHOBA CHIKASHA NATION,
On behalf of its members ANDRE MATTHEWS
a/k/a CHIEF NOWANAKI YANASH,
KYLE WATKINS a/k/a CHIEF EAGLE EYE,
KATRINA GREEN-WATKINS, and
COOSA NATION OF NORTH AMERICA,

    Plaintiffs,

v.                                                        Case No. 2:22-cv-2448-MSN-cgc

JOEDAE L. JENKINS,
REGINA MORRISON NEWMAN,
GREGORY S. GALLAGHER,
JAMES A. CRISLIP, JR.
SHELBY COUNTY CHANCERY COURT,
SHELBY COUNTY TRUSTEE,
WOODS PROJECT LLC,
GOVERNOR BILL LEE, and
STATE OF TENNESSEE (all in official and
Independent capacity),

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND
ORDER DISMISSING CASE**

---

    Before the Court is Magistrate Judge Claxton's Report and Recommendation entered November 30, 2022 (ECF No. 7, "Report"). The Report recommends this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    As set forth in the Report, Judge Claxton previously directed Plaintiffs to submit properly completed non prisoner applications to proceed *in forma pauperis* or pay the $402 civil filing fee (*see* ECF No. 6, "Compliance Order"). The Compliance Order also explained that the individual

plaintiffs could not represent the named entity plaintiffs and warned that an attorney had to enter an appearance in the matter to represent the entity plaintiffs (*see id.*). The Compliance Order gave Plaintiffs 30 days to comply, and it specifically warned Plaintiffs that failure to comply would result in a report and recommendation for dismissal pursuant to Rule 41 without further notice (*see* ECF No. 6 at PageID 29).

As set forth in the Report, the time to comply with the Compliance Order has expired, and Plaintiff has failed to take any action in accordance with the Court's order. (*See* ECF No. 7.) The Report therefore recommends dismissal of this case. (*See id.*) For the reasons set forth below, Report is **ADOPTED**, and this matter is hereby **DISMISSED** with prejudice.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50

F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

The Magistrate Judge issued her Report on November 30, 2022. (ECF No. 7.) The Report warned that objections were due within 14 days and failure to object may constitute a waiver of objections, exceptions, and any further appeal. (*See id.* at PageID 33.) To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report, and this matter is **DISMISSED** with prejudice.

## **CONCLUSION**

For the reasons set forth above, the Report is **ADOPTED**, and this matter is **DISMISSED** with prejudice.

**IT IS SO ORDERED**, this 28th day of December, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE